# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEITH GREENE, SR.<br>AND BRYAN WILSON<br><br>    *Plaintiffs*,<br><br>v.<br><br>THE PRODUCTION GROUP, LLC<br><br>    *Defendants*. | Civil Action No.<br><br>DISTRICT JUDGE:<br>Hon.<br><br>MAGISTRATE JUDGE:<br>Hon. |

## COMPLAINT

### I.    Nature of This Lawsuit

1.    Plaintiffs Keith Greene Sr. and Bryan Wilson bring this lawsuit to recover unpaid overtime wages and other damages from The Production Group, LLC, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Keith Greene Sr. separately seeks damages for his retaliatory discharge.

### II.    Background

2.    The Production Group, LLC is a Louisiana company and the payroll employer of Keith Greene and individuals like him.

3.    Keith Greene Sr. and Bryan Wilson worked at the direction of a third party, Dunn Exploration Company, performing production operations on land in Louisiana.

4.    Mr. Greene and Mr. Wilson were both hired-on by The Production Group on or near August 21, 2024. They were performing the same job, but working in different fields.

5.    Mr. Greene and Mr. Wilson were both told they would be paid a salary of $70,000.00.

1

6. Mr. Wilson has since left employment with The Production Group. Mr. Greene has been terminated or constructively terminated by The Production Group because he brought the FLSA violations to the attention of The Production Group.

7. In their capacity working production operations for The Production Group, LLC, Mr. Greene works, and Mr. Wilson worked, a ten-and-four schedule: ten days on, and four days off. In the days they are on-hire, they frequently works in excess of 12 hours, and they frequently sleep at the jobsite and is, in effect, on-call the entire time.

8. Mr. Greene, Mr. Wilson, and everyone working as a payroll employee of The Production Group, at the direction of Dunn Exploration Company, are and were not paid a salary. They were and have been paid a day rate of $270.

9. Mr. Greene and Mr. Wilson were paid that same day rate whether they work eight hours in a day or twelve hours in a day.

10. Mr. Greene and Mr. Wilson were paid that same day rate if they are on-call twenty-four hours in a day.

11. If Mr. Greene or Mr. Wilson were not at work, however, he is not paid his day-rate. If Mr. Greene is not at work, he is not paid at all. So too for Mr. Wilson while he was employed by The Production Group.

12. Mr. Greene and Mr. Wilson regularly worked well in excess of forty hours in a week.

13. None of Mr. Greene's or Mr. Wilson's work (or the work of any similarly-situated individuals) was FLSA-exempt work.

14. The Production Group did not pay Mr. Greene or Mr. Wilson overtime when they worked in excess of forty hours in a week.

15. Defendant has misclassified Mr. Greene and Mr. Wilson and others similarly situated as exempt from state and federal overtime laws. Defendant has maintained that misclassification and continued to pay Mr. Greene and Mr. Wilson and others similarly situated a day rate following the issuance of *Helix Energy Solutions Group, Inc. v. Hewitt*, 598 U.S. 39 (2023), at which point, if there were ever any doubt, Defendant should have known that Mr. Greene and Mr. Wilson were owned overtime.

16. The services performed by Mr. Greene and Mr. Wilson did not involve managing the enterprise or exercising the power to hire or fire.

17. The services performed by Mr. Greene and Mr. Wilson were not primarily the performance of office or non-manual work directly related to the management or general business operations of defendant.

18. If Mr. Greene or Mr. Wilson were paid on a salary basis, they would still be entitled to overtime under the FLSA because none of the FLSA exemptions apply to their work.

19. But Mr. Greene and Mr. Wilson have not been paid on a salary basis. They have been paid on a day-rate basis. If Mr. Greene or Mr. Wilson did not show up to work for whatever reason, they would not be paid.

### III. Jurisdiction and Venue

20. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law. *See* U.S.C. § 216(b).

21. Venue is proper in this district under 28 U.S.C. § 1391 because The Production Group resides in this district and because the events or omissions giving rise to Mr. Greene's claims occurred in this district.

### IV.     The Parties

22.     Mr. Greene and Mr. Wilson have both worked for The Production Group in Louisiana in the 2024 calendar year.

23.     During their employment, Mr. Greene and Mr. Wilson have been employees of The Production Group as defined by the FLSA in 29 U.S.C. § 203(e).

24.     The Production Group is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

25.     The Production Group is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

26.     The Production group has more than $500,000 in sales made or business done in each of the last three calendar years.

### V.     Factual Allegations

27.     Mr. Greene and Mr. Wilson worked in production for The Production Group since they were hired.

28.     During their employment, neither Mr. Greene's nor Mr. Wilson's job has included the exercise of discretion and judgment with respect to matters of significance.

29.     Mr. Greene and Mr. Wilson have often worked in excess of twelve hours a day during their ten days on, and regularly worked in excess of 40 hours a week.

30.     The Production Group erroneously categorized Mr. Greene and Mr. Wilson as FLSA-exempt.

31.     Mr. Greene and Mr. Wilson are not FLSA-exempt and should have been paid overtime.

32.     When Mr. Greene and Mr. Wilson have worked overtime, they has not been paid overtime.

33. The Production Group is aware or should have been aware that the FLSA required it to pay Mr. Greene and Mr. Wilson. Even if Mr. Greene and Mr. Wilson were FLSA-exempt in terms of their scope of work and managerial authority, which neither was, in 2023, the U.S. Supreme Court entered judgment in *Helix Energy Solutions Group, Inc. v. Hewitt*, holding that FLSA-exempt employees who are paid a day rate rather than a salary are not, in fact, subject to any FLSA exemption and must be paid overtime.

## VI.   COUNT I
### Failure to Pay Overtime

34. The Production Group violated the FLSA by failing to pay overtime to Mr. Greene and Mr. Wilson when they worked over 40 hours in an individual workweek.

35. Neither Mr. Green nor Mr. Wilson is exempt from the overtime provisions of the FLSA.

36. Mr. Greene and Mr. Wilson have been directed by The Production Group to work, and have worked, over 40 hours in one or more individual workweeks.

37. The Production Group paid Mr. Greene and Mr. Wilson a day rate and no overtime compensation.

38. The Production Group violated the FLSA by failing to pay overtime to Mr. Greene and Mr. Wilson at one-and-one-half times their regular rate of pay when they worked over 40 hours in one or more individual workweeks and over eight hours on any given day.

39. The Production Group's violations of the FLSA were willful.

40. As a result, The Production Group is indebted to Mr. Greene in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## VII.   Count II
## Retaliatory Discharge

41. Mr. Greene, on or about December 27, 2024, raised the issue of TPG's failure to pay overtime, and misclassification, to his supervisor, Mr. Travis LaFleur.

42. Mr. LaFleur told Mr. Greene in response that he does not get paid overtime, and that he (LaFleur) would call him (Greene) to discuss.

43. In that conversation, Mr. Greene told Mr. LaFleur that Mr. Greene believed he was entitled to overtime, as were all other employees of The Production Group working at the direction of Dunn.

44. Mr. LaFleur responded, incorrectly, that Mr. Greene is paid as a consultant and is not entitled to overtime.

45. Following that conversation and as an express result of that conversation in which Mr. Greene raised his right to overtime under the FLSA, The Production Group terminated Mr. Greene's work for Dunn.

46. There has never been any issue with Mr. Greene's performance. To the contrary, Mr. Greene's performance has been exemplary. The only reason for discharge was Mr. Greene's raising the issue of his unpaid overtime.

47. The Production Group also prohibited Mr. Greene from being hired-on by Dunn, as retaliation for his raising his FLSA rights, in express retaliation for his raising the his entitlement to overtime with The Production Group.

48. Mr. Greene's discharge violates 29 U.S.C. § 215(a)(3).

## VIII.   Prayer

**WHEREFORE**, Plaintiffs, Keith Greene Sr. and Bryan Wilson, seek the following relief:

A. Unpaid overtime wages pursuant to the FLSA;

B. Liquidated damages in additional amount equal to the unpaid overtime wages;

C. Pre-judgment and post-judgment interest as provided by law;

D. As to Mr. Greene only, reinstatement on account of The Production Group's retaliatory discharge;

E. Attorneys' fees and costs of the action; and

F. Such other and further relief this Court shall deem just and proper.

G. That judgment be entered in favor of Mr. Greene and Mr. Wilson for the amount of their damages, plus interest, prejudgment interest, costs and reasonable attorneys' fees.

Respectfully submitted:

**BOHMAN | MORSE, LLC**

/s/Harry Morse
HARRY E. MORSE (#31515)
400 POYDRAS STREET, SUITE 2050
NEW ORLEANS, LA 70130
TELEPHONE: (504) 930-4009
FAX: (888) 217-2744
E-MAIL: HARRY@BOHMANMORSE.COM
E-MAIL: MARTIN@BOHMANMORSE.COM

/s/Cayce Peterson
Jeffrey P. Green (La. Bar No. 30531)
Cayce C. Peterson (La. Bar No. 32217)
Joseph B. Marino (La. Bar No. 29966)
JJC Law LLC
111 Veterans Memorial Blvd.
Heritage Plaza, Suite 810
Metairie, LA 70005
Phone: 504-513-8820
Fax: 504-513-8824
jeff@jjclaw.com
cayce@jjclaw.com
josh@jjclaw.com